IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| APOLLO PRODUCTS, INC., a Missouri Corporation, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ANTHONY MARINO, )<br>)<br>Defendant. ) | Case No. 06-0065-CV-W-RED |

## ORDER

Now pending before the Court is Defendant's Motion to Dismiss for Improper Venue; or in the Alternative to Transfer for Improper Venue; or in the Alternative to Transfer for Convenience (Doc. 11); Plaintiffs' Response to Defendant's Motion to Dismiss for Improper Venue; or in the Alternative to Transfer for Improper Venue; or in the Alternative to Transfer for Convenience (Doc. 15); Defendant's Second Motion to Dismiss for Improper Venue; or in the Alternative to Transfer for Improper Venue; or in the Alternative to Transfer for Convenience (Doc. 17); Plaintiffs' Response to Defendant's Second Motion to Dismiss for Improper Venue; or in the Alternative to Transfer for Improper Venue; or in the Alternative to Transfer for Convenience (Doc. 18); Defendant's Motion for Rule 11 Sanctions (Doc. 19); Defendant's Reply to Plaintiffs' Opposition to Motion to Dismiss for Improper Venue; or in the Alternative to Transfer for Improper Venue; or in the Alternative to Transfer for Convenience (Doc. 20); Plaintiffs' Response to Defendant's Motion for Rule 11 Sanctions (Doc. 21); Plaintiffs' Motion to Strike Defendant's Rule 12(b)(2) Argument (Doc. 22), and Defendant's Reply to Plaintiffs' Opposition to Motion for Rule 11 Sanctions (Doc. 23).

For the reasons set forth below, the Court finds that Defendant's Second Motion to Dismiss for Improper Venue; or in the Alternative to Transfer for Improper Venue; or in the Alternative to Transfer for Convenience (Doc. 17) is due to be **GRANTED in part and DENIED in part.** Defendant's Motion to Dismiss for lack of venue and Motion to Transfer for convenience are due to be **DENIED.** However, Defendant's Motion to Transfer for lack of venue is due to be **GRANTED.** Defendant's Motion for Rule 11 Sanctions (Doc. 19) and Plaintiff's Motion to Strike Defendant's Rule 12(b)(2) Argument (Doc. 22) are due to be **DENIED.**

## I. Factual and Procedural Background

This case involves a suit brought by Apollo Products, Inc.("Apollo"), a Missouri Corporation and specialist in the hair replacement, rehabilitation and styling business, and its founder and controlling shareholder, Charles W. Nelson, a Missouri resident, against Anthony Marino, a California resident. Plaintiffs allege that Defendant was a former manager of Bevron Labs, Inc. ("Bevron") a production facility owned by Nelson and located in Duarte, California. According to Plaintiffs, Bevron produces hair related products specifically formulated and branded for Apollo. Plaintiffs assert that these Bevron products are then sold to Apollo for resale to Apollo dealers. Plaintiffs further allege that Marino conspired and acted in concert with others to misappropriate the Apollo product formulas for his and their own interest; to deplete the dealer base of Apollo; to distribute products to direct competitors of Apollo with the intent of driving Apollo and Nelson out of the hair replacement, rehabilitation and styling business; and to otherwise harm Apollo. Plaintiffs also allege that Defendant fraudulently acquired a house located in Las Vegas, Nevada from Nelson by misrepresenting the value of the home, purchasing the home at this price and then quickly turning around and selling the house at a substantial profit.

Plaintiffs proceeded to file their Complaint (Doc. 1) in this Court against Defendant on January 20, 2006. An Amended Complaint (Doc. 5) was filed on February 3, 2006. The Amended Complaint states five claims for relief including trade defamation and disparagement, interference with economic relations, unfair competition, fraudulent acquisition of Nevada home, and defamation of Nelson. Defendant responded by filing the instant Motions to Dismiss/Transfer (Docs. 11 and 17) on February 10 and 24, 2006, respectfully. Defendant has also filed a Motion for Rule 11 Sanctions (Doc. 19) against Plaintiffs and Plaintiffs have filed a Motion to Strike (Doc. 22). The Court will consider each of these Motions separately below.

## II. Discussion

*A. Venue*

Title 28 U.S.C. § 1391 is the general federal venue statute. Specifically relevant to the case at bar is § 1391(a)(2) which provides that in a case based on diversity jurisdiction venue is proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). When considering whether venue is proper among two or more districts, the question is not which district among the potential forums is the best venue, but rather "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts." *Setco Enters. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994).

Here, Plaintiffs argue that venue is proper in the Western District of Missouri because a "substantial part of the events and omissions giving rise to their claims occurred herein," including allegations that the misrepresentations and omissions causing the fraudulent purchase of the Nevada land were made to this district; that the documents involved in the fraudulent purchase of the Nevada land were delivered to and executed in this district; that the sales proceeds of this sale were delivered

-3-

to this district; that the losses arising from the alleged fraud were sustained in this district; that a substantial number of the defamatory communications were published to this district; that the harm caused by the publications occurred in this district; that the contractual relations and prospective contractual opportunities interfered with by Defendant and his co-conspirators involved a party located in this district; that the losses sustained from Defendant's interference were sustained in this district; and that all other losses were sustained in this district. *Plaintiffs' First Amended Complaint* (Doc. 5).

Defendant subsequently moved for dismissal for lack of venue or in the alternative transfer for lack of venue or convenience.[1] Specifically, Defendant argues that venue is improper in the Western District of Missouri because he resides in California and was served there; that the "events or omissions" giving rise to this lawsuit all occurred during his employment at Bevron Labs in Duarte, California; and that the majority of the transactions involving the alleged fraudulent real estate transaction arose and were consummated in California.

The Court is not persuaded by Plaintiffs' argument that alleged acts of Defendant had a substantial connection to the Western District of Missouri for the purpose of establishing venue. Section 1391(a)(2) clearly states that venue is proper in a district "in which a substantial part of the events or omissions giving rise to the claim occurred." It is undisputed by either party that all the alleged misconduct of Defendant occurred in California and that the location of the home involved in the allegedly fraudulent real estate transaction is Nevada, not Missouri. Rather, Plaintiffs attempt

---

[1] Defendant's First Motion to Dismiss/Transfer (Doc. 11) was filed on February 10, 2006. Subsequently, on February 24, 2006, Defendant filed a Second Motion to Dismiss/Transfer (Doc. 17). Accordingly, the Court will **DENY** Defendant's First Motion as moot and consider the merits of Defendant's Second Motion to Dismiss/Transfer.

to establish venue on grounds that Defendant's alleged misdeeds *effected* Plaintiffs in Missouri. This approach has been specifically rejected by the Eighth Circuit Court of Appeals in *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995). There, the Eighth Circuit interpreted § 1391 as requiring courts to focus on relevant activities of the defendant, not of the plaintiff. *Id.* at 985. Thus, Plaintiff's claim in *Woodke* that he felt the effects of the defendant's conduct in the district where he resided and filed suit did not mean that the events or omissions giving rise to the claim occurred in that district. *See id.* Since Plaintiffs have failed to establish that any "events or omissions" of Defendant actually occurred within the Western District of Missouri, venue is clearly improper. However, the Court does not feel that dismissal of Plaintiffs' First Amended Complaint for lack of venue is warranted. Therefore, Defendant's Motion to Dismiss for lack of venue is due to be **DENIED.** Defendant's Motion to Transfer for convenience is also due to be **DENIED.** However, Defendant's Motion to Transfer for lack of venue is due to be **GRANTED.** Pursuant to 28 U.S.C. § 1406(a), the Court will transfer this case to the United States District Court for the Central District of California for all future proceedings.

*B. Rule 11 Sanctions*

Defendant has also filed a Motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendant argues that Rule 11 sanctions are proper because Plaintiffs made no inquiry as to whether or not venue was proper in the Western District of Missouri before filing their Complaint in this jurisdiction; that the lawsuit arises solely out of the alleged acts of Defendant Marino in California; that the sale of real estate was in Nevada as opposed to actions in Missouri; that the complaint and amended complaint filed in this case are identical to a cross-complaint filed by Bevron Labs against Defendant (there Plaintiff) Anthony Marino for wrongful termination in

California state court; and that Plaintiffs' federal suit is a retaliatory action against Defendant for Defendant's filing suit in California.

Rule 11 makes sanctions mandatory when an attorney did not make a reasonable inquiry into the facts and law before filing a pleading, paper, or motion, but it is within the district court's judgmental duties to determine whether a violation of the rule has occurred, and to what degree. *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). Rather than judging the attorney's conduct with the benefit of hindsight, the court should evaluate such actions based upon what was objectively reasonable under the circumstances. *Premium Financing Specialists, Inc. v. Greater New York Mut. Ins. Co.*, 136 F.R.D. 175, 176-77 (W.D. Mo. 1991) (citation omitted). The Court must not judge the attorney's actions too harshly, so as to avoid the risk of chilling zealous advocacy on behalf of clients. *Id.*

Here, the Court cannot say that the conduct of Plaintiffs or Plaintiffs' counsel was objectively unreasonable thereby warranting the imposition of sanctions under Rule 11. Although the Court finds that venue in the Western District of Missouri is improper, Plaintiffs' argument that Defendant's activities established a connection to Missouri was based on a reasonable interpretation of the Eighth Circuit's "substantial relationship test" as set forth in *Setco Enters. v. Robbins*, 19 F.3d 1278 (8th Cir. 1994).

Defendant's next argument for sanctions is that the complaint and amended complaint in the instant case are identical to a cross-complaint filed in a California state case styled *Anthony Marino v. Bevron Labs, Inc., et al.,* Case No. BC343076 in the Superior Court of the State of California for the County of Los Angeles. (Doc. 17-2) Defendant also argues that the instant case was filed in retaliation for his filing suit first in California. In the California state case filed in November of

-6-

2005, Defendant (there Plaintiff) seeks damages against Bevron, Apollo, Charles Nelson and several others for alleged breach of contract, breach of covenant of good faith and fair dealing, retaliation, age discrimination, wrongful termination, privacy and defamation. (*Id.*) In response, Bevron first filed an answer and counterclaim (Doc. 17-4), and later a first amended cross-complaint (Doc. 15, exhibit "D") against Defendant for misappropriation of trade secrets; breach of fiduciary duty; defamation and disparagement; conversion; and interference with economic relations. Both Plaintiffs (there defendants) Charles Nelson and Apollo filed separate answers, respectively. (Doc. 15, exhibits "E" and "F") Neither Nelson's nor Apollo's answer contained any counterclaims.

With respect to Defendant's argument on this point, the Court does not find that the state cross-complaint and the federal complaints filed in this case are identical.[2] As discussed above, the cross-complaint in California was filed by Bevron, who is not a party to this lawsuit. Furthermore, this cross-complaint does not contain counts for the allegedly fraudulent real estate transaction and defamation of Plaintiff Nelson present in the instant case. Likewise, the First Amended Complaint in this case does not contain a count for breach of fiduciary duty and misappropriation of trade secrets present in state cross-complaint. Based on the documents provided to the Court, it appears that neither Apollo nor Mr. Nelson have filed a cross-complaint or counterclaim in the California action. Further warranting against sanctions is the fact that Defendant Marino has not filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Plaintiffs' Amended Complaint as frivolous, nor does the Court find Plaintiffs' amended complaint to be frivolous. *See Burull v. First Nat. Bank of Minneapolis*, 831 F.2d 788, 789 (8th Cir. 1987) (finding that Rule 11 directs sanctions only when

---

[2] The Court's finding on this point should not be construed as a bar to any abstention arguments put forth by Defendant in the transferee court.

the entire pleading, motion or other paper itself is frivolous).

Lastly, even though Defendant's suit was filed first in California, there is nothing in the record that supports a finding that Plaintiffs' filing of suit in this Court was in retaliation for Defendant's filing suit in California. Therefore, Defendant's Motion for Rule 11 Sanctions (Doc. 19) is due to be **DENIED.**

*C. Motion to Strike*

Plaintiffs have filed a Motion to Strike Defendant's 12(b)(2) argument (Doc. 22). Plaintiffs contend that Defendant raises for the first time in his reply brief to his Second Motion to Dismiss/Transfer that this Court lacks personal jurisdiction over Defendant. However, Defendant stated in his reply that he would only raise the issue of personal jurisdiction in the event the Court denied Defendant's Second Motion to Dismiss/Transfer. Therefore, in light of the Court's determination that this case should be transferred, Plaintiffs' Motion to Strike (Doc. 22) is due to be **DENIED** as moot. Any issues of jurisdiction can be decided by the transferee Court.

### III. Conclusion

For all the foregoing reasons, it is hereby ORDERED that:

> 1. Defendant's Motion to Dismiss for Improper Venue; or in the Alternative to Transfer for Improper Venue; or in the Alternative to Transfer for Convenience (Doc. 11) is **DENIED.**

> 2. Defendant's Second Motion to Dismiss for Improper Venue; or in the Alternative to Transfer for Improper Venue; or in the Alternative to Transfer for Convenience (Doc. 17) is **GRANTED in part and DENIED in part.** Defendant's Motion to

-8-

Dismiss for lack of venue is **DENIED.** However, Defendant's Motion to Transfer is **GRANTED.** Pursuant to 28 U.S.C. § 1406(a), this case is hereby **TRANSFERRED** to the United States District Court for the Central District of California for all future proceedings.

3. Defendant's Motion for Rule 11 Sanctions (Doc. 19) is **DENIED.**

4. Plaintiff's Motion to Strike Defendant's Rule 12(b)(2) Argument (Doc. 22) is **DENIED.**

**IT IS SO ORDERED.**

DATE: June 28, 2006        */s/ Richard E. Dorr*
                           RICHARD E. DORR, JUDGE
                           UNITED STATES DISTRICT COURT